## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL GILYARD )
          )
        Petitioner, )
          )
v. )      Case No. CIV-14-1110-R
          )
JERRY CHRISMAN, Warden, )
          )
        Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, Michael Gilyard, appearing pro se, has filed a Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254 [Doc. No. 1], and a Brief in Support [Doc. No. 15], challenging the constitutionality of his state court conviction. Respondent has filed a Response [Doc. No. 30] and Petitioner has filed a Reply [Doc. No. 33]. The matter is now at issue. The matter has been referred by United States District Judge David L. Russell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Petition be denied.

## I.    Factual Background

On October 13, 2010, Petitioner was convicted, pursuant to a plea of guilty, in Case No. CF-2010-1748, District Court of Oklahoma County, State of Oklahoma, of Trafficking in Illegal Drugs (Count 1) and Possession of a Controlled Substance with Intent to Distribute (Count 2); each after former conviction of two or more felonies. Petitioner was sentenced to thirty-five years imprisonment on each count, with his sentences to run concurrently.

Petitioner did not timely move to withdraw his guilty plea or otherwise appeal his conviction.[1] However, on January 9, 2013, Petitioner filed a document entitled "Nunc Pro Tunc" [Doc. No. 30-8]. In that document, Petitioner contended that the charge in Count I should have been Possession with Intent to Distribute and not Trafficking and that he should have been charged with "only 1-count total." *See id*. at p. 1.[2] According to Petitioner, the error was impacting the Oklahoma Department of Correction's "proper application of Defendant's sentence and proper classification status and good time." *Id*. Petitioner expressly stated that he was making "**only a request for correction** and not for purposes of any post-conviction appeal." *Id*. (emphasis in original). In response to Petitioner's Nunc Pro Tunc filing, the state district court appointed a public defender to represent Petitioner and conducted an evidentiary hearing.[3]

Thereafter, on May 1, 2013, the state district court entered an Amended Judgment and Sentence [Doc. No. 30-10]. The Amended Judgment and Sentence did not change the offense charged in Count 1 from a trafficking charge to a possession charge as initially requested by Petitioner nor does it reflect a charge as to only one count. Instead, it reflects that Petitioner has one, not two, prior felony convictions. *See id*. The Amended Judgment and Sentence did not alter the sentences imposed.

---

[1] The record reflects that on March 29, 2012, Petitioner sought post-conviction relief in the state district court. *See* Application for Post-Conviction Relief [Doc. No. 30-3]. He also filed an untimely motion to withdraw his plea. *See* Motion to Withdraw Plea Out of Time [Doc. No. 30-4]. But Petitioner later moved to withdraw his post-conviction application and on July 12, 2012, the court granted his request. *See* Motion to Withdraw Application for Post-Conviction Relief [Doc. No. 30-6] and Order Granting Motion to Withdraw Application for Post-Conviction Relief [Doc. No. 30-7].

[2] Citations to the parties' filings and exhibits will refer to this Court's CM/ECF pagination.

[3] Petitioner was represented by attorney Janice Howard Croft at his guilty plea proceedings in October 2010. He was represented by attorney Paul Clark during the Nunc Pro Tunc proceedings in May 2013.

On May 8, 2013, the state district court also entered Findings of Fact and Order of the District Court [Doc. No. 30-11] setting forth the necessary amendments to the Plea of Guilty Summary of Facts Form to reflect that Petitioner had been charged with one prior felony conviction and not two. The court stated, in part, that: "the Defendant's Plea of Guilty and Summary of Facts contains material errors that render the Defendant's sentence illegal" and that as a result, the court was amending the Plea of Guilty and Summary of Facts. *See id*. at p. 1.

The state district court did not cite any statutory or other authority in either the Amended Judgment and Sentence or the Findings of Fact and Order of the District Court identifying the basis upon which the actions were taken. But in a later order denying Petitioner's post-conviction application, the district court cited as authority for its actions, the Oklahoma Uniform Post-Conviction Procedure Act and, specifically, Okla. Stat. tit. 22, § 1085 which permits a district court to "correct or modify the judgment and sentence as may appear appropriate." *See* Order Denying Application for Post-Conviction Relief and Not Recommending an Appeal Out of Time [Doc. No. 30-15] at p. 3. In that same order, the district court stated that it had treated Petitioner's filings, requesting a correction of his sentence, as an application for post-conviction relief. *See id*. at p. 1.

Petitioner attempted to appeal the district court's May 8, 2013 Order to the Oklahoma Court of Criminal Appeals (OCCA). On June 10, 2013, he filed a Petition in Error [Doc. No. 30-12]. But the OCCA declined to exercise jurisdiction and dismissed the matter as untimely. *See* Order Declining Jurisdiction [Doc. No. 30-13] at p. 1.[4]

---

[4] The OCCA characterized the district court's May 8, 2013 order as a denial of "Petitioner's request for post-conviction relief." *Id*.

On November 4, 2013, Petitioner filed a post-conviction appeal out of time. *See* Petition for Post-Conviction / Out of Time [Doc. No. 30-14]. The state district court entered its Order [Doc. No. 30-15] denying relief and finding, in part, that Petitioner had "wholly failed to show that he was denied an appeal through no fault of his own." *See id.* at p. 3. On August 7, 2014, Petitioner attempted to appeal that order to the OCCA, *see* Petition in Error/Brief in Support [Doc. No. 30-16], but the OCCA dismissed the appeal on procedural grounds finding that Petitioner did not comply with its rules because he did not timely appeal and did not provide a certified copy of the district court's order. *See* OCCA Order Dismissing Post-Conviction Appeal [Doc. No. 30-17].

On September 23, 2014 Petitioner filed this federal habeas corpus action.[5]

## II.     Petitioner's Grounds for Federal Habeas Corpus Relief

Petitioner seeks habeas relief as to alleged violations of his federal constitutional rights arising from both the October 2010 guilty plea and the May 2013 Nunc Pro Tunc proceedings. Respondent contends the claims arising from the October 2010 guilty plea are time-barred. Respondent expressly concedes that the claims arising in May 2013 are timely, but seeks denial of those claims as either procedurally barred or lacking merit. To facilitate review, therefore, the Court groups Petitioner's claims based on when those claims are alleged to have arisen.

### A.     Claims Arising from the October 2010 Guilty Plea

Petitioner challenges whether the plea entered in October 2010 was knowing and voluntary. Specifically Petitioner raises the following grounds for relief:

---

[5] Respondent erroneously identifies the date on which this action was filed as June 10, 2013. *See* Response at p. 6. This error, however, is not material to the Court's analysis.

- Ground One -- Petitioner's thirty-five year sentence was illegal at the time it was originally entered in 2010.

- Ground Two -- Petitioner's trial counsel provided ineffective assistance. Counsel failed to pursue the issue of Petitioner's competency despite her knowledge of Petitioner's severe learning disability. Petitioner suffered prejudice because the competency issue renders his plea involuntary.

- Ground Three -- The State breached the 2010 plea agreement with Petitioner when it did not amend the charges in Count 1 from trafficking, to possession with intent to distribute.

- Ground Four -- The warrantless search of Petitioner's home violated his Fourth Amendment rights.

In his Brief in Support [Doc. No. 15], Petitioner raises supplemental claims. As to Ground One, he states that the trial court erred in failing to order a competency hearing and that as a result, his plea is not knowing and voluntary. *See id*. at pp. 19-20. As to Ground Two, Petitioner further claims trial counsel provided ineffective assistance because she did not investigate a possible entrapment defense. *See id*. at pp. 22-24. Finally, as to Ground Four, Petitioner claims the "DEA" entrapped him. *See id*. at pp. 28-29.

**B.      Claims Arising from the May 2013 Nunc Pro Tunc Proceedings**

Petitioner challenges the Amended Judgment and Sentence entered after the May 2013 Nunc Pro Tunc Proceedings on the following grounds:

- Ground One -- The thirty-five year sentence entered at the time of "re-sentencing" was illegal.

- Ground Two -- Petitioner's counsel was ineffective because counsel "made no objection when the second sentence was imposed via a legally void guilty plea."

Again, in his Brief in Support, Petitioner raises supplemental claims. As part of Ground One, he states that he was incompetent at the time of the 2013 Nunc Pro Tunc proceedings and, therefore, the court should not have accepted his plea. *See id*. at p. 19. He further claims the court should have ordered a competency hearing. *See id* at p. 20. Also as part of Ground One, Petitioner claims the 2013 Nunc Pro Tunc proceedings violated the prohibition against double jeopardy. *See id.* at pp. 18-19.

### C.    Additional Claims

Petitioner raises additional claims which he identifies as unexhausted. Respondent has not addressed these claims but the Court finds they wholly lack merit.

Petitioner purports to raise a "jurisdictional" claim, alleging that a package of drugs sent to his house (and which serves as the basis for his conviction) "crossed state lines triggering violations of Federal Laws." *See* Petition at p. 16. He further claims that "the involvement of the DEA, and the U.S. Postal Service in this case, makes this a Federal case, and therefore the state does not have jurisdiction in this case." *See id*. Petitioner, however, does not dispute that he was charged with a crime under Oklahoma law based on conduct that occurred in the State of Oklahoma, i.e., drugs were seized from his home by law enforcement. To the extent federal agencies may have also played some role in the investigation and/or arrest, those facts in no way support a jurisdictional challenge to his state court conviction and sentence. *See, e.g., United States v. Torres*, 663 F.2d 1019, 1025 (10th Cir. 1981) ("It is not unusual, nor is it suspicious or irregular, for both state and federal officials to investigate the same suspect, and to cooperate in the solution of the crime."); *see also United States v. Wiseman*, 749 F.3d 1191, 1194 (10th Cir.

2014) ("Federal and state authorities have concurrent jurisdiction over various offenses and may apply disparate punishments to similar conduct."); *United States v. Burse*, Nos. 03-20126-JWL, 07-2246-JWL, 2007 WL 3037506 at *2 (D. Kan. Oct. 18, 2007) (unpublished op.) (recognizing that both the State of Kansas and the federal government had authority to prosecute the defendant for drug crimes).

Finally, Petitioner states that his "previous procedural errors" -- an apparent reference to procedural deficiencies in filings before the state courts -- "were due to the State confiscating his legal work and impeding his access to the courts." *See* Petition at p. 16. The Court addresses separately whether Petitioner's allegations might support cause for excusing any procedural default of his federal habeas claims. But to the extent Petitioner purports to challenge the conditions of his confinement, premised on a constitutional violation of his right of access to the courts, such a claim is not cognizable in this habeas action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. . . . In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.").

## III. <u>Analysis</u>

As an initial matter, the Court must address the fact that the Petition is a mixed petition, i.e., it contains both exhausted and unexhausted claims. Generally, a mixed petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). But where the entire petition can be denied on the merits, dismissal is not required. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Hinzo v. Tapia*, 378 F.

App'x 857, 858-59 (10th Cir. 2010) ("Our precedent provides 'that it is the entire petition that must be resolved on the merits, not just individual non-exhausted claims.'") (*quoting Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002)).

Respondent contends the entire Petition can be denied on the merits. According to Respondent, all claims raised by Petitioner which arise out of his plea of guilty in 2010 are time-barred pursuant to 28 U.S.C. § 2244(d). Therefore, even though some of those claims are unexhausted, the claims can be denied.

Respondent claims the only unexhausted claim arising from the Nunc Pro Tunc proceedings in 2013 is a substantive competency claim. Respondent concedes the claim is timely, but urges the claim be denied on the merits. Finally, as to the remaining claims, Respondent seeks denial of the claims as procedurally barred.

The parties each acknowledge that the Petition includes unexhausted claims but they disagree as to which claims are unexhausted. For the reasons set forth below, the Court recommends that the Petition be denied in its entirety. Therefore, to the extent a dispute exists as to which claims are exhausted, the Court need not resolve that dispute.

### A. Petitioner's Claims Arising from the 2010 Guilty Plea are Untimely

The Court first addresses the timeliness of the claims raised in Grounds One through Four arising from the 2010 guilty plea.[6] Respondent urges denial of the claims as time-barred pursuant to the one-year limitation period provided in 28 U.S.C. § 2244(d)(1)(A).

---

[6] As previously set forth, those claims are: Ground One -- Petitioner alleges that the sentence entered at the time of his guilty plea was illegal and that he was incompetent to plead guilty; Ground Two -- Petitioner's trial counsel was ineffective in failing to investigate an entrapment defense and pursue a competency claim; Ground Three -- the State breached the plea agreement because Petitioner pled guilty to possession with intent to distribute, but the plea paperwork . . . cont'd . . .

Petitioner did not address the timeliness of his claims in the Petition but left that section of the form petition blank. *See* Petition at p. 18. In his Reply, Petitioner does not contest that his claims are time-barred. Instead, he contends that the claims arising from the 2013 Nunc Pro Tunc proceedings are timely, and, therefore, that this saves the claims arising from the 2010 guilty plea from the time bar. The Tenth Circuit has rejected such an interpretation of § 2244(d) and instead endorsed a claim-by-claim approach to application of the limitations bar. *See Prendergast v. Clements*, 699 F.3d 1182, 1187 (10th Cir. 2012) (the fact that the habeas petitioner timely raised claims arising from his resentencing did not save claims related to his original conviction from being time-barred under 28 U.S.C. § 2244(d)(1)(A)); *see also Carrillo v. Zupan*, -- F. App'x. --, No. 15-1240, 2015 WL 5672944 at *2 (10th Cir. Sept. 28, 2015) (unpublished op.) (habeas claims challenging petitioner's conviction rather than his corrected sentence were time-barred where petitioner did not timely file his § 2254 petition within one year of the date the conviction and sentence became final).[7]

---

reflected a plea to the crime of trafficking; and Ground Four -- the warrantless search of Petitioner's home violated his Fourth Amendment rights and the DEA entrapped Petitioner.

[7] In *Carrillo*, the court recognized "[t]here may be circumstances in which a state court's resentencing could give rise to a claim challenging the validity of a petitioner's conviction" and that "[i]n such cases, the petitioner may be entitled to equitable tolling or a new limitations period under § 2244(d)(1)(B)-(D)." *Id*. at * 2 n. 2. The court did not identify what circumstances would give rise to such equitable tolling or a new limitations period. In any event, the record here does not support grounds for equitable tolling or for applying a different triggering date other than § 2244(d)(1)(A).

Pursuant to § 2244(d), the one-year limitations period begins to run from "the latest of" four dates. See 28 U.S.C. § 2244(d)(1)(A)-(D).[8] For purposes of the instant Petition, the record supports application of the first triggering date, when "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner entered his guilty plea on October 13, 2010. Under Oklahoma law, a defendant must file an application to withdraw a guilty plea within ten days of the pronouncement of the judgment and sentence in order to commence an appeal from any conviction on a plea of guilty. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18; *see also Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (applying Oklahoma law and finding that petitioner's conviction became final ten days after guilty plea where petitioner "did not move to withdraw his guilty pleas, file a direct appeal, or seek a writ of certiorari from the United States Supreme Court"). As set forth, the record shows that Petitioner did not timely file a motion to

---

[8] Section 2244(d) provides for the limitation period to run from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

withdraw his guilty plea and, therefore, his conviction became final on October 23, 2010, ten days after the pronouncement of the judgment and sentence.

Pursuant to § 2244(d)(1)(A), Petitioner's one-year limitations period commenced on October 24, 2010, and he had until October 24, 2011, to file his federal habeas petition. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n. 6 (10th Cir. 2011). Petitioner did not file his § 2254 Petition until September 23, 2014, nearly three years after the one-year period expired. Therefore, absent any tolling events, the claims raised in Grounds One through Four and arising from the 2010 guilty plea proceedings are untimely filed.

### 1.    Statutory Tolling

Petitioner does not raise grounds for statutory tolling of the limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling if during the one-year limitations period a petitioner properly files an application for post-conviction or other collateral review in state court). Petitioner's first attempt at post-conviction relief (which he later withdrew) occurred on March 29, 2012, well after October 24, 2011, the expiration of the one-year period under § 2244(d)(1)(A). Because Petitioner did not seek post-conviction relief until after the limitations period expired, statutory tolling is not available to him. *See, e.g., Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one-year allowed by [§ 2244(d)] will toll the statute of limitations.").

### 2.    Equitable Tolling

Equitable tolling of § 2244(d)'s limitations period may be available where a prisoner diligently pursues his rights but is unable to timely file due to extraordinary circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). But equitable tolling is available only "in rare and

exceptional circumstances" and "a garden variety claim of excusable neglect is not enough." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (citations omitted).

In his Reply, Petitioner claims the "gross misconduct" of his attorney constitutes exceptional circumstances. He claims his attorney told him "she would handle his appeal" and not until the limitations period expired did he realize she had abandoned the appeal. *See* Reply at p. 2.

In *Maples v. Thomas*, -- U.S. --, 132 S.Ct. 912, 914-915 (2012), the Supreme Court recognized that "an attorney's unprofessional conduct may sometimes be an 'extraordinary circumstance' justifying equitable tolling." *Id.* (*citing Holland*, 560 U.S. at 649). Specifically, the Court noted that a claim that the attorney abandoned the client could suffice to establish extraordinary circumstances beyond a petitioner's control. *Id.*

In this case, however, even if the Court were to accept the unsupported allegations of attorney abandonment as true, Petitioner fails to explain why it took more than a year to discover that his attorney never moved to withdraw his guilty plea, or otherwise seek review of his conviction. *See, e.g., Sigala*, 656 F.3d at 1128 (finding lack of diligence where petitioner gave no reason why he could not have learned about entry of final judgment had he been pursuing his rights diligently and noting that these circumstances are "very different" from *Holland* where the defendant "vigorously attempted to ensure his habeas petition was timely filed"); *see also Elledge v. Attorney Gen. of State of Oklahoma*, 475 F. App'x 285, 288 (10th Cir. 2012) (finding equitable tolling not warranted based on allegations that the petitioner's attorney abandoned him by not filing a direct appeal from his guilty plea, contrary to the petitioner's express instructions, where petitioner did not explain how his attorney's conduct caused such a significant delay in filing his § 2254 petition).

Here, Petitioner did not file his habeas petition until more than four years after the entry of his guilty plea.[9] His cursory allegations of abandonment, without more, are insufficient to demonstrate equitable tolling is warranted. *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (a petitioner must "allege with specificity the steps he took to diligently pursue his federal claims"). Moreover, Petitioner's allegations are belied by the record. The Plea of Guilty filed in Case No. CF-2010-1748 [Doc. No. 30-2] reflects that Petitioner was advised of his right to appeal, understood those rights, and did not want to remain in the Oklahoma County Jail for ten days before being taken to his place of confinement in the custody by the Oklahoma Department of Corrections. *Compare Elledge*, 475 F. App'x at 287-88 (finding the petitioner's claim of abandonment not supported by the record where at the sentencing hearing, the judge informed the petitioner of his right to appeal, asked whether the petitioner wanted to exercise that right and the petitioner responded he did not). Based on the facts presented, Petitioner is not entitled to equitable tolling.[10]

---

[9] In fact, as set forth, Petitioner took no action after the entry of his guilty plea until at least March 29, 2012 when he filed an application for post-conviction relief. Petitioner's inaction further demonstrates his lack of diligence.

[10] Petitioner does not allege that challenges to his competency serve as grounds for equitable tolling. As discussed infra, the Court finds Petitioner's competency claims lack merit. Moreover, in an action brought by Petitioner pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Tenth Circuit found Petitioner had not alleged facts sufficient to invoke tolling of the limitations period under Oklahoma law based on either a learning disability or lack of competency. *See Gilyard v. Gibson*, 612 F. App'x 486, 488 (10th Cir. 2015) ("Mr. Gilyard did not explain why his learning disability or inability to understand financial affairs would prevent him from filing a complaint. Indeed, in 2011, after the alleged test results showing a severe learning disability, Mr. Gilyard was able to file a complaint against the same defendants for the same wrongdoing.").

### 3.     Actual Innocence

Actual innocence may serve as a "gateway through which a petitioner may pass" to overcome the statute of limitations bar. *McQuiggin v. Perkins*, -- U.S. --, 133 S.Ct. 1924, 1928 (2013). "[A] 'credible showing of actual innocence' provides an outright equitable exception to AEDPA's statute of limitations." *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (*quoting McQuiggin*, 133 S.Ct. at 1928, 1931–33).

But "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. The petitioner must support his claim of constitutional error with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And the petitioner must demonstrate that "in light of this new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329.

In his Reply, Petitioner claims he is actually innocent. In support, he alleges: "The Drug Enforcement Agency delivered a package of drugs to his house, and then arrested him for what was in the package." *See* Reply at p. 1. Petitioner further claims: "This is entrapment, and the Petitioner is innocent of the crime he was convicted of in the District Court." *Id*. The Court further notes that in his Motion for Continuance [Doc. No. 86], Petitioner contends he has not yet exhausted a claim of actual innocence and premises such a claim on "police entrapment" and his trial counsel's failure to investigate an entrapment defense. *See id*. at p. 1.[11]

---

[11] The Tenth Circuit has refused to endorse a claim of actual innocence as a stand-alone claim. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). And "as yet, it is an open question whether such a federal right exists." *Case v. Hatch*, 731 F.3d . . . cont'd . . .

A claim of actual innocence must be predicated on factual, not legal innocence. *See Winston v. Martin*, 608 F. App'x 689, 689 (10th Cir. 2015) ("Critically, 'actual innocence means factual innocence, not mere legal insufficiency.'") (*quoting Bousley v. United States*, 523 U.S. 614, 615 (1998)); *see also Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) (recognizing that "[a]ctual innocence means 'factual innocence'"); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (defenses based on intoxication and self-defense speak to legal innocence not factual innocence). Therefore, Petitioner's reliance on errors related to an entrapment defense as a basis for supporting equitable tolling is unavailing. *See, e.g., Bell v. Howes*, No. 07-14481-BC, 2008 WL 4852716 at * 5 (E.D. Mich. Nov. 5, 2008) (unpublished op.) (entrapment establishes only legal innocence, not factual innocence and therefore cannot provide basis to overcome § 2244(d)'s statute of limitations bar).

Otherwise, Petitioner identifies nothing new on which to base a claim of actual innocence. Instead, he relies solely on the alleged entrapment -- and those facts were available to Petitioner from the time he was arrested. Petitioner, therefore, has not shown it is more likely than not that no reasonable juror would have convicted him in light of new evidence. In this respect, Petitioner's "unexplained delay in presenting new evidence" bears on whether he has met his burden. *McQuiggin*, 133 S.Ct. at 1935. Accordingly, the Court finds no basis exists to warrant equitable tolling of the limitations period.

For the reasons set forth, the claims raised in Grounds One, Two, Three and Four of the Petition, as more fully identified above and which arose at the time he entered his guilty plea on October 13, 2010, are time-barred. Therefore, those claims should be denied.

---

1015, 1036 (10th Cir. 2013) (*citing District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71-72 (2009)).

**B.    The Claims Arising from the May 2013 Nunc Pro Tunc Proceedings Are Procedurally Barred and/or Lack Merit**

The Court now turns to the claims arising from the May 2013 Nunc Pro Tunc Proceedings. Addressing these claims, Respondent observes that "Petitioner does not . . . allege that any date other than October 23, 2010, should trigger the running of the limitations." *See* Response at p. 9. Respondent further contends that Petitioner bears the burden of demonstrating whether the other triggering dates set forth in 28 U.S.C. § 2244(d)(1)(B), (C) or (D) apply. *Id.*

But Respondent expressly states that [t]hese claims are not time barred[.]" *Id.* at p. 10. Thus, Respondent has waived any defense that Petitioner's claims arising from the 2013 Nunc Pro Tunc proceedings are untimely. *Wood v. Milyard*, -- U.S. --, 132 S. Ct. 1826, 1835 (2012) (State's express statement that it was not challenging the timeliness of the habeas petition constituted a waiver of that affirmative defense); *see also McCormick v. Parker*, 571 F. App'x 683, 687 (10th Cir. 2014) (finding the state waived exhaustion defense by expressly stating that the petitioner had exhausted state court remedies and further addressing the merits of the claims).

Instead, Respondent seeks denial of the claims which arose in 2013 as procedurally barred. Respondent carves out, however, Petitioner's claim challenging his competency during the 2013 proceedings. According to Respondent, the competency claim is unexhausted but lacks merit.[12]

_____

[12] Respondent acknowledges that a substantive competency claim is not subject to procedural bar. *See* Response at p. 17, n. 8 (*citing Walker v. Gibson*, 228 F.3d 1217, 1229 (10th Cir. 2000); *Rogers v. Gibson*, 173 F.3d 1278, 1289 (10th Cir. 1999)). Therefore, although Respondent states he does not waive the defense of procedural bar, he has opted to address the merits of the claim. The competency claims raised by Petitioner can be more "easily and succinctly" resolved on the merits, *see Revilla v. Gibson*, 283 F.3d 1203, 1214 (10th Cir. 2002), and therefore, the Court addresses the merits of both the procedural and substantive competency claims raised by Petitioner. *See* discussion, infra.
. . . cont'd . . .

### 1. Application of Procedural Bar

The specific claims which Respondent contends are procedurally barred raised in Grounds One and Two and arising out of the 2013 Nunc Pro Tunc proceedings include a challenge to the legality of the Amended Judgment and Sentence based on allegations that Petitioner's plea was not knowing and voluntary, a claim that Petitioner's counsel was ineffective for failing to object to the imposition of the second legally void sentence and failing to pursue a competency issue, and a claim that the proceedings violated the prohibition against double jeopardy.

The record shows that on June 10, 2013, Petitioner filed a Petition in Error. He raised a claim challenging the legality of his sentence and he also raised a double jeopardy claim. *See* Response [Doc. No. 30-12]. He did not raise an ineffective assistance of counsel claim. *See id.*

The OCCA declined to exercise jurisdiction over the matter finding that the Petition in Error was untimely filed. *See* OCCA Order [Doc. No. 30-13]. Thereafter, on November 4, 2013, Petitioner sought leave to file a post-conviction appeal out of time. *See id.*, [Doc. No. 30-14]. The state district court denied the requested relief. *See id.* [Doc. No. 30-15]. On August 7, 2014, Petitioner then attempted to file a Petition in Error to appeal that ruling to the OCCA. *See* Petition in Error / Brief in Support [Doc. No. 16]. In that filing, Petitioner also raised the ineffective assistance of counsel claims. *See id.* at pp. 2-3. The OCCA entered an order on August 21, 2014 dismissing the post-conviction appeal and finding that the appeal was untimely

---

For the reasons discussed infra, Petitioner's competency claims lack merit. The Court notes that necessarily, therefore, any ineffective assistance of counsel claim related to competency issues would lack merit as Petitioner cannot establish the requisite prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Dennis v. Poppel*, 222 F.3d 1245, 1250 (10th Cir. 2000) ("If the [underlying or constitutional] claims lack merit, [the petitioner] cannot claim prejudice from his attorney's failure to raise them at trial or on direct state appeal.").

and that Petitioner had not submitted a certified copy of the district court's order as required by the rules of that court. *See id.* [Doc. No. 30-17] at p. 1 (*citing* Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeal, Title 22, Ch. 18, App. (2014)). [13]

If a state's highest court declines to reach the merits of a prisoner's federal claims "pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). And such a finding is adequate if the state court applies the particular procedural default rule to all similar claims "evenhandedly" and in the "vast majority of cases." *Id.* at 986 (citations omitted).

The Tenth Circuit has held that Rule 5.2(C)(2), the rule applied by the OCCA to dismiss both Petitioner's June 10, 2013 Petition in Error and his August 7, 2014 Petition in Error, is an adequate and independent state procedural bar. *See Windsor v. Patton*, -- F. App'x --, No. 15-

---

[13] Rule 5.2(C)(2) provides:

> A petition in error and supporting brief, WITH A CERTIFIED COPY OF THE ORDER ATTACHED must be filed with the Clerk of this Court. The petition in error shall state the date and in what District Court the Notice of Post-Conviction Appeal was filed. If the post conviction appeal arises from a misdemeanor or regular felony conviction, the required documents must be filed within thirty (30) days from the date the final order of the District Court is filed with the Clerk of the District Court. If post-conviction application is from a capital conviction, the documents must be filed within the time set in Section 1089 of Title 22 and Rule 9.7.

Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeal, Title 22, Ch. 18, App. (2014).

5011, 2015 WL 4978690 at *2 (10th Cir. Aug. 21, 2015) ("We have previously held that a dismissal under Rule 5.2(C) is an adequate and independent state law ground.") (*citing Johnson v. Champion*, 288 F.3d 1215, 1226–27 n. 3 (10th Cir. 2002); *Duvall v. Reynolds*, 139 F.3d 768, 796–97 (10th Cir. 1998)); *see also Branch v. Howard,* 455 F. App'x 848, 851 (10th Cir. 2012) (finding that claims, including claims of ineffective assistance of counsel, raised in a post-conviction appeal but dismissed by the OCCA as untimely under Rule 5.2(C) were procedurally barred); *accord Laws v. Fatkin*, 44 F. App'x 366, 367 (10th Cir. 2002); *Martin v. Gibson*, 28 F. App'x 866, 868 (10th Cir. 2001).[14] Thus, Petitioner's claims are procedurally barred absent a showing of cause and prejudice or a fundamental miscarriage of justice.

### a.    Cause and Prejudice

Respondent states that "Petitioner alludes to possible 'cause' at the beginning of his brief stating that he did not comply with proper state procedure because of the prison 'delaying and obstructing.'" *See* Response at p. 12. But Respondent contends these allegations are too conclusory. The Court agrees. However, in Petitioner's Reply he alleges additional grounds as cause for any procedural default of his claims. Specifically, Petitioner claims Mr. Clark, his counsel during the 2013 proceedings, "promised [Petitioner] that the appeal would be filed" but never filed the appeal. *See* Reply at p. 3. He further claims that he attempted to file a pro se

---

[14] The procedural bar is adequate as to any claims of ineffective assistance raised by Petitioner and arising from the 2013 proceedings. The Tenth Circuit has held that where the OCCA refuses to hear an ineffective assistance of counsel claim pursuant to Okla. Stat. tit. 22, § 1086 on grounds the claim could have been raised on direct appeal, those claims are not subject to a procedural bar unless certain conditions are satisfied. *See English v. Cody*, 146 F.3d 1257, 1262-63 (10th Cir. 1998); *Breechen v. Reynolds*, 41 F.3d 1343, 1363-64 (10th Cir. 1994). The court has reached this holding on the basis that the procedural bar under § 1086 is not adequate in such circumstances. But as the cited cases demonstrate, where the OCCA has dismissed an appeal as untimely pursuant to Rule 5.2(C) those adequacy concerns are not present and, therefore, the ineffective assistance of counsel claims are properly denied as procedurally barred.

appeal but he did not learn of his attorney's abandonment until one week before the deadline. He then alleges that he "placed his appeal in the prison mail box on time in order to assure that the appeal would be received by June 7th, 2013, but the prison mail service delayed the mailing causing the Petitioner to miss his deadline." *Id.*

Petitioner's claim that the prison mail service interfered with his ability to meet the state court filing deadline is unsupported. The Petitioner in Error, filed in an attempt to appeal from the district court's May 8, 2013 order, includes a certificate of service dated Thursday, June 6, 2013. Oklahoma does not recognize the prison mail box rule. *See Banks v. State*, 953 P.2d 344, 346 (Okla. Crim. App. 1998) ("[The OCCA] does not recognize the 'mailbox rule' for criminal proceedings in Oklahoma, but uses the appeal out of time procedures specified for post-conviction proceedings in Rules 5.2 and 2.1(E) if an appeal is not timely filed.") (citation omitted). The Petition in Error was due within thirty days of the district court's order, or by Friday, June 7, 2013. The Petition in Error was not filed until Monday, June 10, 2013. The only evidence in the record that prison officials somehow interfered with Petitioner's mail relates to events occurring nearly one year later in late July, 2014. *See* Correspondence dated August 1, 2014 from Law Library Supervisor [Doc. No. 30-16] at p. 34. As the Tenth Circuit has held, where a prisoner's appeal is "one day late under the OCCA's rules . . . the Rule 5.2(C) dismissal presented an adequate and independent state law ground" and prison mailbox rule would not save its untimeliness as "the OCCA does not follow the prison mailbox rule." *Windsor*, 2015 WL 4978690 at **2-3.

Petitioner further claim that he "effectively" established cause sufficient to overcome the procedural bar by filing in the state district court a post-conviction application to file an appeal out of time. *See* Reply at p. 4. The Court finds, however, that the referenced post-conviction

filing belies his claims of cause. Significantly, the post-conviction application filed before the state district court is utterly silent about any issues pertaining to "attorney abandonment" or interference with Petitioner's prison mail. *See* Petition for Post Conviction/Out of Time [Doc. No. 30-14]. Indeed, the district court denied the request noting, in part, that "Petitioner has *wholly failed to show he was denied an appeal through no fault of his own*." *See* Order Denying Application for Post-Conviction Relief and Not Recommending an Appeal Out of Time [Doc. No. 30-15] at p. 3 (emphasis added).

When Petitioner then filed a Petition in Error to appeal the district court's denial of a post-conviction appeal out of time, he again included no allegations concerning attorney abandonment or interference with his prison mail. *See* Petition in Error/Brief in Support [Doc. No. 30-16]. Although Petitioner includes certain allegations about Mr. Clark, none of those allegations pertain to Mr. Clark's purported representations about filing an appeal on Petitioner's behalf.[15]

As to the post-conviction appeal out of time, the district court entered its order on March 27, 2014. Therefore, Petitioner was required to file his appeal of that order within thirty days of that date, or by April 26, 2014. *See* Rules 2.1(E)(1) and Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeal, Title 22, Ch. 18, App. (2014)). Petitioner states that he mailed the

---

[15] Instead, those allegations pertain to Petitioner's claim that he never gave Mr. Clark authority to consent to the entry of a guilty plea at the May 1, 2013 hearing. Moreover, certain attachments Petitioner submitted with the Petition in Error further refute his allegations concerning Mr. Clark. For example, in a letter dated April 22, 2013, Mr. Clark addressed the fact that his appointment to represent Petitioner was limited to the "Motion to Correct Judgment and Sentence." *See* Correspondence [Doc. No. 30-16] at p. 11. And in a Complaint filed against Mr. Clark with the Oklahoma Bar Association dated May 1, 2014, Petitioner again complains that he did not give Mr. Clark any consent to enter a guilty plea. *See* Correspondence [Doc. No. 30-16] at p. 31. Nowhere in that bar complaint does Petitioner allege Mr. Clark abandoned him with respect to the filing of any appeal.

Petition in Error on August 4, 2014, the "actual deadline." But Petitioner incorrectly states the filing deadline. And as discussed above, the only evidence regarding interference with legal mail involves a time frame in late July 2014, after Petitioner's appeal time had expired.

For all these reasons, Petitioner's allegations of cause are not credible and otherwise not supported by the evidence. On the record presented, therefore, Petitioner has not established cause to overcome the procedural default. Because Petitioner has not established cause, the Court need not determine whether he has shown prejudice. *Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

### b.     Fundamental Miscarriage of Justice

Nor can Petitioner demonstrate a fundamental miscarriage of justice will occur if his defaulted claims are not reviewed. The "fundamental miscarriage of justice" exception "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quotations and alterations omitted). The Court has addressed Petitioner's allegations of actual innocence and found those allegations lack merit. Therefore, the claims arising from the 2013 Nunc Pro Tunc proceedings, other than the competency challenges, should be denied on grounds of procedural default.

### 2.     Petitioner's Competency

Petitioner alleges that he was incompetent at both the sentencing hearing in October 2010 and the subsequent hearing on the Order Nunc Pro Tunc in May 2013. Therefore, he claims the court should not have accepted his plea. In addition, Petitioner alleges the trial court should have conducted a hearing to determine his competency.

As previously set forth, any competency challenge related to the October 2010 guilty plea is time-barred. The Court, therefore, reviews Petitioner's claim that he was incompetent for purposes of the May 2013 Nunc Pro Tunc proceedings.

A competency challenge may implicate both substantive and procedural due process. *Smith v. Mullin*, 379 F.3d 919, 930 (10th Cir. 2004). "A procedural competency claim arises from a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing." *Id*. (citation omitted). A substantive competency claim "is founded on the allegation that an individual was tried and convicted while, in fact, incompetent." *Id*. (citation omitted).

Respondent treats the Petition as raising only substantive competency claims. But Petitioner specifically alleges both that the trial court should have ordered a competency hearing and that he was incompetent. *See, e.g.,* Brief in Support at pp. 19-20 ("Petitioner maintains that because he was incompetent at both sentencing hearings, the court should not have accepted his plea and the court should have ordered a competency hearing"). Because Petitioner is appearing pro se, the Court liberally construes his pleadings. Therefore, the Court addresses whether Petitioner has demonstrated a violation of either his procedural or substantive rights.

Habeas relief is warranted on a procedural competency claim, "if the state court ignored evidence that, viewed objectively, raised a bona fide doubt as to the petitioner's competency to stand trial." *Walker v. Attorney General for State of Oklahoma*, 167 F.3d 1339, 1345 (10th Cir. 1999). To determine whether a bona fide doubt exists, evidence that may be considered includes defendant's irrational behavior, trial demeanor and any prior medical opinion on competence to stand trial. *McGregor v. Gibson*, 248 F.3d 946, 954 (10th Cir. 2001). A bona fide doubt exists where "a reasonable judge should have doubted" the defendant's competency. *Id*. at 954.

Petitioner relies on a letter his trial counsel, Janice Howard-Croft, submitted to the

Oklahoma Bar Association in July 2012, as evidence that a bona fide doubt as to competency

existed.[16] The letter states in relevant part:

> After discussions with Mr. Gilyard and his family, I became aware that he may
> have had some learning disability. Therefore, I filed an application to determine
> competency and sought to have the proceedings stayed so that Mr. Gilyard could
> be evaluated. The district court denied that application and insisted that Mr.
> Gilyard enter a plea or set the case for trial. After MUCH negotiation with the
> district attorney, I was able to convey to Mr. Gilyard that his charge would be
> amended from trafficking to possession with intent to distribute and the district
> attorney agreed to a term of 35 years.

*See* Correspondence [Doc. No. 15-11].[17]

Petitioner has not submitted evidence sufficient to raise a bona fide doubt as to his

competency. The singular reference to a "learning disability" without more is insufficient. The

Court notes that the Plea of Guilty and Summary of Facts form completed as part of the 2010

proceedings [Doc. No. 30-1] indicates that the highest grade completed by Petitioner was the

11th grade in high school which suggests that even if Petitioner suffers from a learning disability

it is not of a degree that would render him incompetent.

Petitioner offers no evidence indicating any irrational behavior on his part. Nor is there

any evidence that his demeanor during the guilty plea proceedings or at any other time during his

state court appearances would support a bona fide doubt as to his competency. The Plea of

Guilty and Summary of Facts form further indicates that Petitioner read and understood the form,

---

[16] The record is silent as to why this letter was submitted by Ms. Howard-Croft to the Oklahoma
Bar Association but it appears the letter may have been submitted in response to a complaint
brought against her.

[17] The record reflects the application for determination of competency was filed on the same day
that Petitioner entered his guilty plea. *See* Response, State Court Docket [Doc. No 30-18]. The
record does not include a copy of the application filed in state court.

was not taking any medication that would affect his ability to understand the proceedings and had never been treated by a doctor or other health professional for mental illness. *See id.* at p. 1.[18] Nor does Plaintiff submit any evidence that a doctor or any other health care professional rendered any opinion as to his competency.

Of course, all of the evidence discussed relates to the time period surrounding the 2010 proceedings.[19] Significantly, Petitioner does not submit any evidence to demonstrate a bona fide doubt as to his competency during the Nunc Pro Tunc proceeding conducted in May 2013. Petitioner's reliance on his trial counsel's letter -- which addresses only Petitioner's October 2010 guilty plea proceedings -- is insufficient to satisfy his burden of proof.[20] Therefore, any procedural competency claim raised by Petitioner lacks merit.

A substantive competency claim requires a higher burden of proof. *Mullin*, 379 F.3d at 932. To establish a substantive due process violation, Petitioner must show "by clear and convincing evidence a real, substantial, and legitimate doubt regarding his competence to stand trial." *Id.* (citation omitted). Because Petitioner cannot meet the lesser showing required for a procedural competency claim, necessarily he cannot meet the burden of proof with respect to a substantive competency claim. *See Walker*, 167 F.3d at 1347 (finding that petitioner's failure to establish a procedural competency claim was "dispositive" as to his substantive claim); *compare*

---

[18] The form indicates that Petitioner was currently taking Oxycontin but that the medication did not affect his ability to understand the proceedings. *Id.* Petitioner does not rely on the fact he was taking this medication as grounds for challenging his competency.

[19] This evidence would defeat a competency challenge as to those proceedings even if the Court had not found the claims arising from the 2010 proceedings time-barred.

[20] Petitioner's ability to represent himself both in state court post-conviction proceedings and before this Court further demonstrate his competency claims lack merit.

*United States v. Perry*, 495 F. App'x 935, 937 (10th Cir. 2012) (finding defendant's substantive competency claim failed "because the minimal evidence presented – low language and reading scores and a nonspecific allegation of a mental problem unsupported by further corroboration or elaboration – does not create a 'real, substantial and legitimate doubt' about his competency") (*quoting Allen v Mullin*, 368 F.3d 1220, 1240 (10th Cir. 2004)). Petitioner's procedural and substantive competency claims, therefore, should be denied.[21]

## IV.    Pending Motions

Petitioner has filed two motions currently pending before the Court. First, Petitioner has filed a Motion for Continuance [Doc. No. 36]. Petitioner claims he has two unexhausted claims and identifies the claims as follows: (1) "actual innocence based on police entrapment;" and (2) "ineffective assistance of counsel based on failure to investigate an entrapment defense." *See id*. at p. 1. Petitioner states that he is preparing to present these claims in post-conviction proceedings in state court. *Id*. at p. 2.[22] Although Petitioner frames the requested relief as a continuance, it appears he more appropriately seeks a stay of these proceedings pending exhaustion of state court remedies.

For the reasons set forth above, Petitioner's claim of actual innocence is unsupported. And, his ineffective assistance of counsel claim is time-barred. Therefore, his claims lack merit. Accordingly, Petitioner's Motion for Continuance should be denied.

---

[21] Respondent claims the "right to competency" does not apply to state court post-conviction proceedings. Respondent cites as support *Ryan v. Gonzales*, -- U.S. --, 133 S.Ct. 696 (2013) and contends the Nunc Pro Tunc proceeding was a "backward-looking, record-based" proceeding and "Petitioner was not entitled to constitutional competence as this proceeding." *See* Response at p. 18. Because the evidence in the record otherwise does not support a competency challenge, the Court need not address the applicability of Ryan to the facts of this case.

[22] Petitioner filed the Motion on June 17, 2015. He has not submitted any supplemental filings to demonstrate whether he initiated the state court proceedings. The initiation of any such proceedings, however, is immaterial to the disposition of his federal habeas claims.

Second, Petitioner has filed a Motion for Release from Custody Pending Adjudication of Petition [Doc. No. 38]. Petitioner cites no legal authority that would entitle him to release but states that his "showing of exceptional circumstances" provides grounds for his release. *See id.* at pp. 2-3. Based on the above recommendation that the Petition be denied, Petitioner's request for release is without merit. It is therefore further recommended that Petitioner's Motion be denied.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] be denied. It is further recommended that Plaintiff's Motion for Continuance [Doc. No. 36] and Motion for Release from Custody Pending Adjudication of Petition [Doc. No. 38] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by November 20, 2015. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 30th day of October, 2015.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE