## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OKLAHOMA

| | | |
|---|---|---|
| MICHAEL GILYARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-14-1110-R |
| | ) | |
| JERRY CHRISMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bernard M. Jones for preliminary review. On October 30, 2014, Judge Jones issued a Report and Recommendation wherein he recommended the Petition be denied. Petitioner has filed a timely objection to the Report and Recommendation, which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this review, the Court concludes that the thorough and well-reasoned Report and Recommendation accurately characterizes Petitioner's claims and properly recommends rejection thereof.

Petitioner challenges Judge Jones' determination that claims stemming from his conviction in 2010 are time-barred, arguing the claims should be rendered timely by his 2013 re-sentencing. Judge Jones thoroughly and properly analyzed the issue, and Petitioner's reliance on *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003), is misplaced. Furthermore,

although Petitioner believes his scenario is exactly what was envisioned by the Tenth Circuit in *Carrillo v. Zupan*, --- F.App'x . ---, 2015 WL 5671944 at *2 (10th Cir. Sept. 28, 2015), as noted by Judge Jones, the Tenth Circuit gave no hint as to what circumstances would give rise to equitable tolling and Petitioner has not shown grounds for application of equitable tolling or an alternate limitations period. The undersigned concurs with Judge Jones' conclusion with regard to the time bar applicable to Grounds One through Four of the Petition.

With regard to Petitioner's contention that he was abandoned by counsel following his resentencing or that the prison interfered with his attempt to timely perfect an appeal, either or both of which he contends provide cause and establishing prejudice to avoid application of the procedural bar, Judge Jones thoroughly and correctly analyzed the issues. Doc. No. 40, p. 21-22. The Court hereby adopts the Report and Recommendation and rejects Petitioner's challenge thereto.

To the extent Petitioner contends that the Oklahoma Court of Criminal Appeals did not follow its own rules in denying his direct appeal following his 2013 re-sentencing. Petitioner did not raise this issue before the Magistrate Judge, and therefore, the Court will not consider it. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir.1996)(issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived).

Finally, in his objection Petitioner seeks leave to amend his Petition to remove those claims he is currently attempting to exhaust. Judge Jones notes that the instant petition was mixed, that is contained both exhausted and unexhausted claims, and correctly concluded that

dismissal of unexhausted claims was not required, where, as here, those claims were subject to denial on the merits. The objection provides no basis for disagreeing with the Report and Recommendation, and therefore, Petitioner's request for leave to amend is denied.

For the reasons set forth herein, the Report and Recommendation is ADOPTED in its ENTIRETY and the Petition is hereby DENIED. As a result, Petitioner's pending motions are denied as well.

IT IS SO ORDERED this 20th day of November, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE